# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ESPECIAS MONTERO, INC.<br><br>Plaintiff,<br><br>v.<br><br>BEST SEASONINGS GROUP, INC. D/B/A SOFRITO MONTERO,<br><br>Defendant. | Civil No. 20-1740 (GLS) |

## ORDER

The Verified Complaint was filed on December 23, 2020. Docket No. 6. In summary, Plaintiff and Counter-Defendant Especias Montero, Inc. ("Plaintiff") alleges that Defendant and Counter-Plaintiff Best Seasonings Group, Inc.'s ("Best Seasonings") use of attributes and elements of Plaintiff's registered mark (ESPECIAS MONTERO DESDE 1959), such as its color schemes, typography, cook's hat, green leaves, and words "Especias" and "Montero", in promoting its products on displays at points of sale and social media, is likely to cause confusion among consumers. Id. at ¶¶ 38-50. Plaintiff requests permanent injunctive relief under the Lanham Act.[1] On February 17, 2021, Best Seasoning answered the complaint and filed a counterclaim alleging that it has been using the combination of the ESPECIAS NATURALES, SOFRITO MONTERO, and MONTERO marks before Plaintiff. Best Seasonings seeks declaration that its use of the marks predates the use by Plaintiff and cancellation of Plaintiff's registered mark in the United States Patent and Trademark Office. Docket No. 32.

Discovery ensued and was set to conclude on August 16, 2021. See Docket Nos. 50 & 51. Nonetheless, Best Seasonings requests intervention from the Court to compel Plaintiff to fully answer written discovery and conclude the deposition of Ms. Mabel Pola Montero. Docket No. 56.

---

[1] On July 6, 2021, the parties filed a Stipulation for Voluntary Dismissal with Prejudice of all damages claim. Docket No. 52. Partial Judgment was entered on July 8, 2021. Docket No. 54.

Especias Montero, Inc. v. Best Seasoning Group, Inc.,
Civil No. 20-1740 (GLS)

Best Seasonings requests that the Court compel Plaintiff to properly answer Interrogatory No. 14, Requests for Production of Documents Nos. 36, 38, 48, 49, 51, 53, 54, 56, 58, 40, 45, 46 and 25, and to compel Plaintiff's witness, Ms. Pola Montero, to answer deposition questions as to whether the use of Best Seasonings' marks constitutes false and misleading advertising and regarding her communications with counsel for Plaintiff. Id. Plaintiff opposed arguing that it supplemented its answers to interrogatories and requests for documents on July 2, 2021, and that Best Seasonings failed to comply with meet and confer requirements of Local Rule 26(b) after that date, that the information requested through written discovery was either produced or provided during depositions, that some of the documents requested by Best Seasonings are subject to attorney-client privilege and others are to be protected because Best Seasonings is Plaintiff's direct competitor, and that Ms. Pola Montero answered all relevant questions during her deposition. Docket No. 60. For the reasons discussed below, the Motion to Compel is **GRANTED in part and DENIED in part.**

## I.     DISCUSSION

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. Fed.R.Civ.P. 26)(b)(1). "This provision has been interpreted to entitle parties to discovery of any matter that bears on any issue in the case in the absence of privilege." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). This includes those that relate to any claims or defenses of the party seeking discovery or to the claims or defenses of any other party. Id. at 350-351 (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)). Therefore, "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case" is subject to discovery. Id.

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, any party seeking discovery may move the Court for an order to compel discovery from the other party. Fed.R.Civ.P. 37(a). However, prior to racing to Court, the moving party is required to certify that it made a good faith effort to confer or attempt to confer to obtain the sought discovery. Id. Likewise, this District Court's Local Rule 26(b) requires a "certification that the moving party has made a reasonable and good-faith effort to reach an agreement with opposing counsel" prior to seeking relief from the Court on a discovery dispute. Best Seasonings has made such a certification in its motion to compel. Docket No. 56. Plaintiff argues, however, that no such meet and confer efforts were made

2

Especias Montero, Inc. v. Best Seasoning Group, Inc.,
Civil No. 20-1740 (GLS)

after July 2, 2021, when Plaintiff served its supplemented answers to interrogatories and requests for production of documents. Nonetheless, having examined Plaintiff's supplemented answers to interrogatories and requests for production of documents, the Court concludes that further meet and confer efforts were unnecessary as none of the matters raised in Best Seasonings' motion to compel, which had been the subject of Best Seasonings' objection letter on May 26, 2021 (Docket No. 56-3), were addressed in Plaintiff's supplemented answers at Docket No. 56-10. See Plaintiff's Amended Answer to First Set of Interrogatories and Request for Production of Documents.

      A.      **Interrogatory No. 14**

Best Seasonings requested an explanation of the factual basis and evidence to sustain the allegations in paragraph 38 of the Verified Complaint, a list of the witnesses intended to testify as to such allegations, and a summary of their intended testimony. In response, Plaintiff referenced the allegations in the complaint and its social media accounts and named its proposed witnesses. In its opposition to the motion to compel, Plaintiff posits that the answer is complete, that the witnesses were identified, and that, during their depositions, the witnesses already testified under oath on the questions posed in the interrogatory. Clearly, Plaintiff's answer to Interrogatory No. 14 is lacking. Plaintiff did not provide an explanation of the factual basis of the allegations and did not provide a summary of the intended testimony for each of the witnesses. See Autoridad de Carreteras y Transportación v. Transcore Atl., Inc., 319 F.R.D. 422, 431 (D.P.R. 2016) (referring to allegations in the complaint or to other discovery materials is an insufficient answer to an interrogatory); Vázquez-Fernández v. Cambridge Coll., Inc., 269 F.R.D. 150, 156 (D.P.R. 2010) (answering an interrogatory by referring to pleadings or other discovery is insufficient); Atlanta Coca-Cola Bottling Co. v. Transamerica, Ins. Co., 61 F.R.D. 115, 120 (N.D. Ga. 1972) (incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory) (citations omitted); Mulero-Abreu v. Puerto Rico Police Department, 675 F.3d 88, 93 (1st Cir. 2012) ("answering interrogatories simply by directing the proponent to rummage through other discovery materials falls short of the obligations imposed by Rule 33."). Best Seasonings' request as to Interrogatory No. 14 is GRANTED and Plaintiff is ORDERED to respond with the factual basis for the allegations in paragraph 38 and to provide a summary of the intended testimony of each one of the witnesses listed in its answer within the next ten (10) days, on or before **August 23, 2021**.

Especias Montero, Inc. v. Best Seasoning Group, Inc.,
Civil No. 20-1740 (GLS)

### B. Requests for Production of Documents Nos. 36, 38, 48, 49, 51, 53, 54, 56, and 58

Best Seasonings posits that Plaintiff's answers to the above referenced requests for production of documents are also lacking as these either simply reference answers to interrogatories, generally state that the documents were provided, or reference the allegations of the complaint. Plaintiff raises no real arguments in opposition other than to repeat that its answers to interrogatories are responsive and that a document was produced, and to accuse Best Seasoning of the same practice. Whatever was the practice employed by Best Seasoning in answering discovery is not before the Court. For the same reasons discussed in paragraph A above, Best Seasonings' request as to Requests for Production of Documents Nos. 36, 38, 48, 49, 51, 53, 54, 56, and 58 is GRANTED. Plaintiff is ORDERED to provide specific and concrete answers to the requests for production of documents within the next ten (10) days, on or before **August 23, 2021**. See Mulero-Abreu v. Puerto Rico Police Department, 675 F.3d at 93 (defendant entitled to responses or objections addressed to "each item or category of items")(citing Fed.R.Civ.P. 34(b)(2)(B)).

### C. Request for Production of Documents Nos. 40, 45 and 46

Best Seasonings argues that Plaintiff's responses to the above referenced requests were insufficient because these generally assert an objection based on attorney-client privilege, but Plaintiff has not specifically identified any documents that may be insulated from discovery due to privilege and has not produced a privilege log. Plaintiff counters by arguing that responses to the requests were provided by Mr. Montero during his deposition and by identifying certain documents that allegedly contain attorney-client communications. But a deposition testimony or an opposition to a motion to compel is not the proper mechanism to answer a request for documents or to assert privilege. See Id. (general reference to other discovery material is not a proper response to request for documents); Fed.R.Civ.P. 26(b)(5)(A) (when party withholds information based on privilege the party is required to expressly make the claim and describe nature of the documents withheld with specificity so that the other party can assess the claim); Adrian v. Mesirow Financial Structured Settlements, LLC, 647 F.Supp.2d 126, 131 (D.P.R. 2009) (party who invokes the privilege has the burden of establishing the application of the privilege to the contested communication and the burden of showing that such a privilege has not been waived); In re Grand Jury Subpoena (Mr. S), 662 F.3d 65, 71 (1st Cir. 2011) (same). Best Seasonings' request as to

Especias Montero, Inc. v. Best Seasoning Group, Inc.,
Civil No. 20-1740 (GLS)

Requests for Production of Documents Nos. 40, 45 and 46 is GRANTED. Plaintiff is ORDERED to provide a complete and specific answer to each one of the foregoing requests for production of documents, including a complete list of all documents withheld on account of privilege and a privilege log within the next ten (10) days, on or before **August 23, 2021**. Plaintiff is forewarned that failure to comply with the requirements of Rule 26(b)(5)(A) for the invocation of privilege as to each document, including failure to produce a privilege log within the time set forth herein, may result in the imposition of sanctions or may be deemed as a waiver of any privilege or protection of the documents at issue. See e.g., Walls v. Ford Motor Company, 2021 WL 1723154 *15 (M.D.N.C., April 30, 2021).

### D. Request for Production of Documents No. 25

Best Seasonings seeks documents pertaining to sales and distribution of Plaintiff's products. Best Seasonings argues that the information sought is relevant to Plaintiff's claim that Best Seasonings' use of the mark ESPECIAS NATURALES BY SOFRITO MONTERO is likely to cause consumer confusion with Plaintiff's mark and that this is an essential element of Plaintiff's trademark infringement claim against Best Seasonings. Plaintiff argues that such information contains trade secrets and other private commercial information, and that production to Best Seasonings, Plaintiff's direct competitor, would be unduly burdensome.

Per Rule 26(b)(1) of the Federal Rules of Civil Procedure parties may generally obtain discovery of any non-privileged matter that is relevant to a claim or defense in the case. Fed.R.Civ.P. 26(b)(1). However, under Rule 26(c)(1) of the Federal Rules of Civil Procedure, the Court may, for good cause, issue an order to protect a party from discovery when disclosure would be unduly burdensome because, for instance, the information sought requires disclosure of confidential commercial information. Fed.R.Civ.P. 26(c)(1). "To merit protection under Rule 26(c), commercial information ... must be important proprietary information that provides the business entity with a financial or competitive advance when it is kept secret and results in financial or competitive harm when it is released to the public." Maui Jim, Inc. v. SmartBuy Guru Enterprises, 2017 WL 5895143 at *3 (N.D. Ill., November 27, 2017).

In such instances, the Court may enter an order forbidding disclosure, imposing limits or safeguards, or tailoring disclosure to protect the confidential nature of the information. Fed.R.Civ.P. 26(c)(1); Mercado-Salinas v. Bart Enterprises Int'l, Ltd., 2010 WL 3809848 (D.P.R., September 28, 2010). In evaluating options, "the court must generally weigh on the one hand the

right of a plaintiff to examine relevant evidence against the right of a defendant to protect its trade secrets and confidential data." Id. (quoting Ares–Serono, Inc. v. Organon Int'l B.V., 151 F.R.D. 215, 220 (D.Mass.1993) (citing Fed.R.Civ.P. 26(c)(1)). The court must exercise discretion as to avoid unnecessary disclosure of confidential data to a competitor. Ares–Serono, Inc. v. Organon Int'l B.V., 151 F.R.D. at 219 (citation omitted). "The risk of competitive injury is particularly high when the opposing party is a business competitor." Id. (citations omitted). The key is thus to strike a balance between the potential harm of disclosure vis-à-vis the need for the information by the party seeking disclosure. ABC Rug & Carpet Cleaning Serv. Inc. v. ABC Rug Cleaners, Inc., 2009 WL 105503 at *3 (S.D.N.Y., January 14, 2009). However, it is the party opposing discovery who bears the burden of establishing "good cause" for a protective order. Anaqua, Inc. v. Schroeder, 2012 WL 12960760 at *3 (D. Mass., September 14, 2012). This burden requires demonstrating a factual basis of potential harm; conclusory allegations of harm are insufficient. Id. (quoting Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986)); ABC Rug & Carpet Cleaning Serv. Inc. v. ABC Rug Cleaners, Inc., 2009 WL 105503 at *2; Saint Louis Univ. v. Meyer, 2008 WL 1732926 at *1 (E.D. Mo., April 10, 2008). And, like Fed.R.Civ.P. 37(a)(1), Fed.R.Civ.P. 26(c)(1) requires that, before seeking protection from disclosure, the party opposing discovery certify that it has made a good faith effort to confer with opposing party to resolve the dispute without court intervention. Fed.R.Civ.P. 26(c)(1).

The Court agrees that theoretically the information pertaining to Plaintiff's sales and distribution of products bearing the mark ESPECIAS MONTERO DESDE 1959 is relevant to the trademark infringement action against Best Seasonings in this case. See Pignons S. A. de Mecanique de Precision Corp. v. Polaroid Corp., 657 F.2d 482, 487 (1st Cir. 1981) (information regarding similarity of advertising channels, channels of trade, and the customer relationship between the parties' channel trade are factors to determine likelihood of confusion between two marks in a trademark infringement action); ABC Rug & Carpet Cleaning Serv. Inc. v. ABC Rug Cleaners, Inc., 2009 WL 105503 at *4 (customer lists relevant to the issue of likelihood of confusion). Nonetheless, the Court also agrees that, to the extent that Best Seasonings is a direct competitor of Plaintiff and that such information may have been kept secret and confidential, its disclosure **could** pose a potential harm to Plaintiff. The problem lies in that, because Plaintiff has not specified which responsive documents exist, neither Best Seasoning, Plaintiff nor the Court are able to evaluate whether the need for the information that is sought outweighs the potential

Especias Montero, Inc. v. Best Seasoning Group, Inc.,
Civil No. 20-1740 (GLS)

harm of disclosure, or whether there are safeguards that could be implemented to protect the confidentiality of such documents and reduce any potential harm to Plaintiff. As such, as this juncture, Plaintiff is ORDERED to produce to Best Seasonings a complete list of documents that may be responsive to its Request for Production of Documents No. 25 within the next ten (10) days, on or before **August 23, 2021**. Once such a list is produced, the parties are ORDERED to meet and confer to try to resolve this dispute (i.e., the request for disclosure of the documents that will be identified by Plaintiff) without further intervention from the Court. The parties should consider whether any concerns of potential harm to Plaintiff could be addressed by agreeing to a stipulated protective order or confidentiality agreement. See e.g., Mercado-Salinas v. Bart Enterprises Int'l, Ltd., 2010 WL 3809848 (production of agreements as to trademark at issue produced subject to confidentiality agreement); Anaqua, Inc. v. Schroeder, 2012 WL 12960760 at *4 (customer lists, pricing and trade secret information produced to competitor under confidentiality agreement); ABC Rug & Carpet Cleaning Serv. Inc. v. ABC Rug Cleaners, Inc., 2009 WL 105503 at *4 (customer list produced subject to protective order); Maui Jim, Inc. v. SmartBuy Guru Enterprises, 2017 WL 5895143 at *5 (supply chain produced subject to Attorneys' Eyes Only designation). This meeting is to take place no later than ten (10) days after production by Plaintiff of the list of responsive documents, on or before **September 2, 2021**. Per the above, Best Seasonings' request to compel as to Request for Production of Documents No. 25 is GRANTED in part and DENIED in part, pending compliance with the foregoing. If after conferring, the parties are unable to resolve this dispute, the parties will have until **September 13, 2021** to move the Court accordingly.

### E. Mabel Pola Montero's Testimony on False Advertising and Communications with Counsel for Plaintiff

Best Seasonings argues that, although Ms. Pola Montero was announced as a witness regarding the factual basis for Plaintiff's allegations that Best Seasonings has incurred in unfair competition and false and misleading advertising in answer to Interrogatory No. 21, when asked during deposition whether she would testify at trial as to whether the use of Best Seasonings' mark constituted false and misleading advertising, Ms. Pola Montero refused to answer asserting that she was being asked for a legal opinion. Plaintiff argues, essentially, that the matter is moot for Ms. Pola Montero effectively answered questions regarding the factual basis for Plaintiff's claims of false and misleading advertising. The Court agrees with Best Seasonings that what is "false" is

7

typically an issue of fact and that the analysis of the Pignons factors in a trademark infringement action requires factual determinations. See MMM Healthcare, Inc. v. MCS Health Mgmt. Options, 818 F. Supp. 2d 439, 449 (D.P.R. 2011); Niagara Bottling, LLC v. CC1 Ltd. P'ship, 381 F. Supp. 3d 175, 182–84 (D.P.R. 2019). However, the Court also agrees that, to the extent that Ms. Pola Montero continued to testify as to factual matters regarding Plaintiff's claim against Best Seasonings the question posed by Best Seasonings during the deposition was answered: Ms. Pola Montero has been announced as a witness and she has testified during deposition as to Plaintiff's claims of false and misleading advertising. Therefore, the matter is moot and Best Seasonings' request to compel testimony on this front is DENIED.

We now address the matter of attorney-client privilege and communications held between counsel for Plaintiff and his client's independent contractor. Best Seasonings claims that during her deposition Ms. Pola Montero was instructed not to answer questions regarding communications she may have had with Plaintiff on account of the attorney-client privilege. And that since Ms. Pola Montero is an independent contractor of Plaintiff, communications she may have had with counsel for Plaintiff are not protected from disclosure under the attorney-client privilege. Plaintiff does not appear to dispute that Ms. Pola Montero is Plaintiff's independent contractor or a third party to this lawsuit. Plaintiff merely counters that Best Seasonings did not specify which questions were posed and rejected by Ms. Pola Montero. The Court is not clear whether Plaintiff is arguing that Ms. Pola Montero did not refuse to answer questions based on privilege or whether that, because Best Seasonings did not transcribe the exact questions at issue, the Court should not intervene. But there is no dispute that any claim of privilege must be asserted and affirmatively established by Plaintiff. Without any substantive arguments by Plaintiff to establish that such communications with Ms. Pola Montero do not constitute a waiver of any attorney-client privilege, Ms. Pola Montero's communications with Plaintiff are not protected from disclosure and she must answer such questions under oath.

The attorney-client privilege provides protection from disclosure of confidential attorney-client communications. Fed.R.Evid. 502(g). To show that a communication is protected by attorney-client privilege, the party asserting the privilege must show: (1) that the party was or sought to be a client of the attorney; (2) that the party sought legal advice from the attorney in his capacity as an attorney; (3) that the communication at issue was confidential and related to legal advice or opinion; and (4) that the protection of the privilege was not waived. F.D.I.C. v. Nash,

1998 WL 34061514 * 2 (D.N.H., September 25, 1998) (citing United States v. Massachusetts Institute of Technology, 129 F.3d 681, 684 (1st Cir. 1997)); Cavallaro v. United States, 284 F.3d 236, 245 (1st Cir. 2002); Lluberes v. Uncommon Prods., LLC, 663 F.3d 6, 24 (1st Cir. 2011).

Disclosing attorney-client communications to a third party generally undermines the privilege. Cavallaro v. United States, 284 F.3d at 246-247. Courts have applied two (2) exceptions to this general rule: (1) when third parties have been employed to assist a lawyer in rendering legal advice (see id. and Lluberes v. Uncommon Prods., LLC, 663 F.3d 6 at 24, discussing United States v. Kovel, 296 F.2d 918 (2d Cir. 1961)), and (2) when the independent contractor has assumed the functions of an employee to the extent that the contractor may be considered a *de facto* employee of the client (or functionally equivalent) in receiving or seeking legal advice for the benefit of the client (see In re Bieter Company, 16 F.3d 929, 939-940 (9th Cir. 1994) but see Miramar Construction Co. v. The Home Depot, 167 F.Supp.2d 182, 185 (D.P.R. 2001) (rejecting application of the Bieter exception)).

Notwithstanding the foregoing, it is Plaintiff's burden to establish that any communications held with its independent contractor, Ms. Pola Montero, should be protected from disclosure under either of the exceptions discussed above. Plaintiff has made absolutely no effort to establish its claim of privilege over any such communications. Indeed, Plaintiff has not explained the nature of any communication held with Ms. Pola Montero which may be subject to protection, the nature of the relationship between Ms. Pola Montero and Plaintiff and her role in seeking or receiving legal advice and whether such advice was for the benefit of Plaintiff and kept confidential. Therefore, as it stands, Ms. Pola Montero's communications with Plaintiff and Plaintiff's counsel are not covered by the attorney-client privilege and are subject to disclosure. Best Seasonings' motion on this ground is GRANTED and Plaintiff is ORDERED to produce Ms. Pola Montero for deposition so that she may answer those questions posed by Best Seasoning which were left unanswered during the first part of her deposition. The continuation of Ms. Pola Montero's deposition must take place on or before **September 13, 2021**.

## II. CONCLUSION

For the reasons discussed, Best Seasonings' Motion to Compel is **GRANTED in part and DENIED in part**.

<u>Especias Montero, Inc. v. Best Seasoning Group, Inc.</u>,
Civil No. 20-1740 (GLS)

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 13th day of August 2021.

                                             <u>s/Giselle López-Soler</u>
                                             GISELLE LÓPEZ-SOLER
                                             United States Magistrate Judge